Anthony SUMMERS, Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,
Defendant.

Civil Action No. 89–03300 (CRR).

United States District Court,
District of Columbia.

Aug. 9, 1996.

James H. Lesar, Attorney, Washington, DC, for Plaintiff.

Michael T. Ambrosino and Kristan Peters–Hamlin, Assistant United States Attorneys, with whom Eric H. Holder, Jr., United States Attorney, Washington, DC, appeared on the briefs, for Defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court are the parties' cross-motions for summary judgment in the above-captioned case involving the Freedom of Information Act, 5 U.S.C. § 552. The parties dispute the adequacy of the Federal Bureau of Investigation's (FBI's) search for J. Edgar Hoover's commitment calendars, telephone logs, and telephone message slips, as well as the FBI's reliance on Exemption 7 to the FOIA for redactions made in the Hoover telephone logs.

Upon consideration of the filings by the parties, the entire record herein, and the applicable law thereto, and for the reasons set forth below, the Court shall deny the plaintiff's Renewed Motion for Summary Judgment, the Court shall grant in part the defendant's Renewed Motion for Summary Judgment with respect to the adequacy of the search conducted for the telephone logs, the Court shall deny in part the defendant's Renewed Motion for Summary Judgment with respect to the commitment calendars and telephone message slips and shall direct the FBI to conduct an additional search and file an additional pleading. Additionally, the Court shall deny in part the defendant's Renewed Motion for Summary Judgment with respect to the redactions made to the telephone logs, and the Court shall direct the parties to meet and confer regarding the validity of the FBI's Exemption 7 claims.

### BACKGROUND

The facts and procedural history of this case are set forth more fully in the numerous opinions issued by Judge Revercomb, by the undersigned Judge, and by the Court of Appeals for this Circuit. A brief description of the facts and procedural history of this case are as follows.

On January 4, 1988, pursuant to the FOIA, counsel for the plaintiff wrote to FBI Headquarters requesting documents pertaining to J. Edgar Hoover's telephone logs and appointment calendars during his tenure as Director of the FBI. The plaintiff filed his Complaint on December 7, 1989. In response, the FBI conducted a search of its Central Records System. From July 23, 1990 until May 24, 1991, the FBI released copies of Hoover's daily logs and appoint-

ment calendars with deletions made pursuant to various FOIA exemptions.

Following the Supreme Court's decision in *United States Department of Justice v. Landano,* 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993), the FBI reprocessed the plaintiff's FOIA request. On January 24, 1994, the FBI produced to the plaintiff 23,744 pages of reprocessed documents and 10,103 pages of documents relating to Hoover's telephone logs. Nevertheless, the FBI withheld some information pursuant to Exemptions 1 and 7 to the FOIA. The plaintiff subsequently requested the FBI to identify a sample of the withheld information and to produce a *Vaughn* Index. The FBI filed a *Vaughn* Index, and the parties filed cross-motions for summary judgment.

On July 13, 1995, the Court granted the defendant's Motion for Summary Judgment with respect to those records withheld pursuant to Exemption 1, but the Court denied the FBI's Motion with respect to the Hoover telephone log entries withheld pursuant to Exemption 7 and directed the FBI to reprocess those records and to file a pleading explaining the justification for withholding any of the reprocessed records. The Court also directed the FBI to file a detailed pleading documenting the extent of the FBI's search for the records requested by the plaintiff. *See Summers v. Department of Justice,* Mem. Op. and Order, June 13, 1995 (Richey, J.).

The defendant filed a declaration detailing the FBI's search for records responsive to the plaintiff's request on June 28, 1995. *See* Moran Decl., June 28, 1995 (Second Moran Decl.) This declaration also explained the FBI's efforts to reprocess the Hoover telephone logs. *Id.* ¶ 11. The FBI then produced an additional 447 pages of telephone logs in full to the plaintiff, and redacted 590 pages pursuant to exemption 7.

Through the latter part of 1995 and the beginning of 1996, the parties filed renewed cross-motions for summary judgment and briefs in support of said motions. On May 23, 1996, the Court held a hearing on the parties' cross-motions. The Court will now proceed to address the merits of these motions.

## DISCUSSION

Summary judgment is appropriate when no genuine issues of material fact are in dispute and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Perry v. Block,* 684 F.2d 121, 126 (D.C.Cir. 1982).

The parties' cross-motions raise several issues: (1) whether the FBI's search for commitment calendars, telephone logs, and telephone message slips was adequate; and (2) whether the FBI has met its burden of showing that the redactions made to the Hoover telephone logs were proper pursuant to Exemption 7 to the FOIA.

## I. THE FBI IS ENTITLED TO SUMMARY JUDGMENT ON THE ADEQUACY OF ITS SEARCH FOR TELEPHONE LOGS; THE FBI IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE ADEQUACY OF THE SEARCH FOR THE COMMITMENT CALENDARS AND TELEPHONE MESSAGE SLIPS.

Under the FOIA, an agency has a duty to conduct a reasonable search for records responsive to the request. *Oglesby v. Department of the Army,* 920 F.2d 57, 68 (D.C.Cir.1980). The search must be "reasonably calculated to uncover all relevant documents." *Weisberg v. Department of Justice,* 705 F.2d 1344, 1351 (D.C.Cir.1983); *Nation Magazine v. United States Customs Serv.,* 71 F.3d 885, 890 (D.C.Cir.1995). "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese,* 790 F.2d 942, 956 (D.C.Cir.1986). The agency can demonstrate the adequacy of its search by relying upon affidavits that are "relatively detailed, nonconclusory and not impugned by evidence in the record of bad faith on the part of the agency." *McGehee v. CIA,* 697 F.2d 1095, 1102 (D.C.Cir.1983).

### A. The FBI's Search For Telephone Logs Was Adequate As A Matter Of Law.

The FBI located and produced portions of numerous Hoover telephone logs re-

sponsive to the plaintiff's request. The plaintiff argues, however, that the FBI's search was inadequate because the FBI did not locate telephone logs for the years 1924 to 1940.[1] The plaintiff relies on the declaration of Harold Weisberg, who stated, among other things, that the FBI destroys few records and keeps records of those documents it destroys; furthermore, he speculated as to possible motives for the FBI's withholding the telephone logs. *See* Weisberg Decl., dated May 30, 1996. Moreover, the plaintiff contends that the Weisberg declaration creates a factual issue which this Court cannot decide on a motion for summary judgment.

■ The Court disagrees. As the Court of Appeals for this Circuit has noted on numerous occasions, "[t]he issue is *not* whether further documents might conceivably exist, but rather whether the government's search for responsive documents was adequate." *Truitt v. Department of State,* 897 F.2d 540, 542 (D.C.Cir.1990) (quotations omitted). The Second Moran Declaration specifically describes the numerous search efforts attempted and search terms used by the FBI to locate the records at issue. *See* Second Moran Decl. ¶¶ 6(B), 9(B) and 9(E). The Court finds these efforts to be reasonable and adequate. The plaintiff does not dispute that the FBI conducted a search using the terms set forth in the Second Moran Declaration, and accordingly, there are no material facts which prevent the Court from reaching judgment as a matter of law.[2]

**B. The FBI's Search For Commitment Calendars Was Inadequate As A Matter Of Law Because The FBI Did Not Search Using The Terms "Appointment" Or "Diary;" The Court Shall Direct The FBI To Conduct Such A Search.**

■ In his FOIA request to the FBI, the plaintiff requested "[a]ny and all 'commit-

ment calendars' kept by or on behalf of former FBI Director J. Edgar Hoover while he served as Director of the FBI." Complaint, Exh. 1. The FBI searched for, located, and produced to the plaintiff, in part, daily logs and other appointment calendars. Def's 108(h) Stmt. ¶¶ 3–4; Second Moran Decl. ¶ 10.

The plaintiff argues that the FBI's search was deficient because the FBI failed to search using the terms "appointment" or "diary." The Second Moran Declaration sets forth the search terms used by the FBI, and the FBI carried out an exhaustive search for records containing the word "commitment." This search was apparently fruitful, based on the appointment and daily calendars unearthed during the search. However, as the plaintiff correctly points out, the FBI failed to use two of the most obvious search terms—"appointment" and "diary"—to ensure that all documents responsive to the FBI's request would be discovered. The Court recognizes that the plaintiff originally requested Hoover's "commitment calendars," but "[a]lthough a requester must 'reasonably describe[]' the records sought, an agency also has a duty to construe a FOIA request liberally." *Nation Magazine,* 71 F.3d at 890 (citations omitted). Because the terms "appointment" and "diary" are two of the most common terms used to describe the "commitment calendars" requested by the plaintiff, the Court shall direct the FBI to conduct an additional search using these terms.

**C. The FBI's Search For Telephone Message Slips Was Inadequate Because The FBI Did Not Conduct A Thorough Investigation To Determine Whether And Where Said Message Slips Would Exist; The Court Shall Direct The FBI To Conduct Such An Investigation.**

■ In his FOIA request, the plaintiff also asked for "[a]ny and all telephone message

---

1. Some of the pleadings filed by the plaintiff indicate that the years at issue are from 1924 to 1941 rather than 1940. This one year discrepancy is not material to the Court's finding regarding the adequacy of the FBI's search.

2. The fact that the FBI located logs for the years 1941 to 1972 supports the reasonableness of the FBI's good faith search. Additionally, the fact

that the FBI's search was adequate enough to locate a memorandum dated January 18, 1952 which referenced the 1924–1940 logs and speculated that said documents were destroyed adds further credibility to the reasonableness of the FBI's effort; however, the Court makes no factual finding with regard to the truth of the matter asserted in the 1952 memorandum.

slips or other form of written records regarding telephone calls or messages for J. Edgar Hoover." Complaint, Exh. 1. As set forth in the Second Moran Declaration, the FBI conducted searches for such handwritten telephone message slips using several different search terms. *See* Second Moran Decl. ¶¶ 9(C), 9(F). The FBI located and produced a "Director's Room Telephone Note" from one of Hoover's investigative files but asserted in a declaration that "[i]t is not the policy or practice of the FBI to maintain in file handwritten telephone messages." Second Moran Decl. ¶¶ 13, 15.

The plaintiff argues that the discovery of the Director's Room Telephone Note suggests that other such notes exist, and the plaintiff questions the FBI's conclusory statement regarding the FBI's practice with respect to handwritten telephone messages. The Court shares the plaintiff's concern, and the Court shall direct the FBI to file a pleading setting forth the basis for the statement regarding handwritten messages, as well as evidence that the FBI conducted an interview with a long-time employee with personal knowledge of FBI recordkeeping practices and that the FBI consulted FBI policy manuals and guidelines regarding the retention and location of handwritten telephone message slips and Director's Room Telephone Notes.

## II. THE FBI IS NOT ENTITLED TO SUMMARY JUDGMENT WITH REGARD TO THE INFORMATION WITHHELD FROM THE HOOVER TELEPHONE LOGS BECAUSE THE FBI HAS NOT SUFFICIENTLY SHOWN A NEXUS BETWEEN THE REDACTED INFORMATION AND A LAW ENFORCEMENT PURPOSE AS REQUIRED BY EXEMPTION 7.

■ It is well established that "[t]he mandate of the FOIA calls for broad disclosure of Government records." *CIA v. Sims*, 471 U.S. 159, 166, 105 S.Ct. 1881, 1886, 85 L.Ed.2d 173 (1985). Because it is also recognized "that public disclosure is not always in the public interest," Congress provided nine exemptions to the FOIA. *Id.*

The defendant relies on Exemption 7 to withhold the names of certain individuals in the Hoover telephone logs. Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes" to the extent that the production of such records could be expected to cause certain harms articulated in subparts (A–E) of Exemption 7. 5 U.S.C. § 552(b). Therefore, in order for the FBI to rely on Exemption 7, the FBI must demonstrate as a threshold matter that:

> [T]he [FBI's] investigatory activities that give rise to the documents sought must be related to the enforcement of federal laws or to the maintenance of national security. To satisfy this requirement of a "nexus," the agency should be able to identify a particular individual or a particular incident as the object of its investigation and the connection between that individual or incident and a possible security risk or violation of federal law.

*Pratt v. Webster*, 673 F.2d 408, 420 (D.C.Cir. 1982). In other words, the FBI must link the names redacted from the Hoover telephone logs to the FBI's investigative or other law enforcement-related activities.

The Hoover telephone logs consist of telephone calls to and from the Director of the FBI. Relying on Exemption 7, the FBI withheld certain names from the logs produced to the plaintiff because the FBI allegedly recorded the names in connection with a an investigation or other law enforcement purpose. In order to demonstrate the nexus between the law enforcement purpose and the name, required under Exemption 7, the FBI compared the names in the Hoover telephone logs to memoranda contained in file 66–3182. According to an FBI declaration filed in this case, telephone calls to the Director's Office, which were listed in the telephone logs, were often forwarded to a duty agent who had the responsibility of determining "the reason for the call and collecti[ng] any information from the caller to determine[:] if a violation of Federal law existed; if there was a threat to the safety of FBI personnel or FBI space; if the information should be forwarded to other agencies; or if the information was of a national security

nature." Second Moran Decl. ¶ 17. "When the duty agent determined that data concerning the call or caller should be documented for retention, he wrote a memorandum which was ultimately placed in file 66–3182." *Id.* The FBI argues that if a 66–3182 memorandum exists which corresponds to a telephone log entry, then the call must have concerned a law enforcement purpose and the name of the caller may be withheld pursuant to Exemption 7. *See* Moran Decl., Aug. 31, 1995 (Third Moran Decl.) The FBI attached redacted copies of the corresponding 66–3182 memoranda as exhibits to the Third Moran Declaration.

The plaintiff argues that there is no nexus between the redactions in the Hoover telephone log and a law enforcement purpose because said logs were maintained in the FBI's "66" administrative files. Moreover, the plaintiff claims that the corresponding 66–3182 memoranda are not even facially related to law enforcement or investigations.

 This Circuit has held that administrative records of the FBI do not have a *per se* law enforcement purpose merely because they originate in FBI files:

> [U]nder the Freedom of Information Act, FBI records are not law enforcement records simply by virtue of the function that the FBI serves.

*Vymetalik v. FBI*, 785 F.2d 1090, 1095 (D.C.Cir.1986). Therefore, the FBI bears the initial burden of showing the threshold nexus required by Exemption 7. *See Landano*, 508 U.S. at 172, 113 S.Ct. at 2019–20 ("[T]he Government bears the burden of establishing that the exemption applies"). The Court has reviewed many of the 66–3182 memoranda, and many of them do not, on their face, demonstrate the required nexus. The memoranda are apparently descriptions of conversations between the duty agent and the caller—while some indicate that a certain conversation or caller may be related to an investigatory file, many of the memoranda expressly disavow any FBI interest in the subject matter of the conversation and conclude with a recommendation that no action be taken. Absent further explanation from the FBI, these simply do not establish a law enforcement purpose. However, the Court is loathe to review and rule on each of these documents. Accordingly, the Court shall direct the FBI and the plaintiff to meet and confer and attempt to resolve their differences with respect to the redactions in the telephone logs. At a minimum, the Court is confident that the parties can, through good faith negotiations, narrow the number of documents which the Court must review.

## CONCLUSION

For the reasons discussed above, the Court shall deny in part the plaintiff's Renewed Motion for Summary Judgment, the Court shall grant in part and deny in part the defendant's Renewed Motion for Summary Judgment, and the Court shall direct the defendant FBI to conduct an additional search and file an additional pleading. The Court shall also direct the parties to meet and confer regarding the names withheld from the telephone logs. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

## ORDER

For the reasons set forth in the Memorandum Opinion of even date herewith, it is, by the Court, this 9th day of August, 1996,

ORDERED that the plaintiff's Renewed Motion for Summary Judgment shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the defendant's Renewed Motion for Summary Judgment shall be, and hereby is, GRANTED IN PART, with respect to the adequacy of the defendant's search for telephone logs; the defendant's Renewed Motion for Summary Judgment shall be, and hereby is, DENIED IN PART, with respect to the adequacy of the defendant's search for commitment calendars and telephone message slips; and the defendant's Renewed Motion for Summary Judgment shall be, and hereby is, DENIED IN PART, with respect to the names redacted from the telephone logs; and it is

FURTHER ORDERED that on or before 4:00 p.m. on September 16, 1996, the defendant shall conduct an additional search for

commitment calendars using the terms "appointment" and "diary;" and it is

FURTHER ORDERED that on or before 4:00 p.m. on September 16, 1996, the defendant shall conduct research, including an interview with a long-time FBI employee having personal knowledge of FBI record-keeping practices and including a review of FBI policy manuals and guidelines regarding the retention and location of handwritten telephone messages, and file a pleading setting forth the results of said research and the basis for the statement contained at ¶ 15 of the Second Moran Declaration; and it is

FURTHER ORDERED that on or before 4:00 p.m. on August 30, 1996, the plaintiff and defendant shall meet and confer to attempt to resolve their differences with respect to the redactions made in the telephone logs in light of the Court's Memorandum Opinion of even date herewith; and it is

FURTHER ORDERED that the parties shall appear before the Court for a status conference at 2:00 p.m. on September 19, 1996.